## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

### CASE NO.:

6:14-CV-1819-OR-31GJK

CHARAN KUMAR,

        Plaintiff,

vs.

WELLS FARGO BANK, NATIONAL
ASSOCIATION,

        Defendant.

_____/

## COMPLAINT

Plaintiff, Charan Kumar, (hereinafter "Plaintiff" or "Kumar") sues Defendant, Wells Fargo Bank, National Association (hereinafter "Defendant") and for his complaint alleges:

1. This is a complaint for monetary damages.

2. Defendant has violated the Telephone Consumer Protection Act (TCPA) 47 USC § 227, *et. seq.* and its implementing regulations at 47 C.F.R. § 64.1200, *et. seq.*

## I
## PARTIES

3. Plaintiff, Charan Kumar, is a natural person and citizen of Seminole County, whose principal residence is located at 3168 Yattika Place, Longwood, Florida 32779.

4. Defendant Wells Fargo Bank, N.A. is a national association. It's principal place of business is located in Sioux Falls, South Dakota. Wells Fargo Bank, National Association is also known as Wells Fargo Bank, N.A., Wells Fargo Home Mortgage, Wells Fargo Home Mortgage, Inc., ASC and America's Servicing Company.

## II
## JURISDICTION

5.  The Defendant caused injury to the Plaintiff within the State of Florida and the County of Seminole by causing Plaintiff's personal cellular telephone to be called on at least 661 occasions.  The Plaintiffs cellular telephone was located in Seminole County, Florida, during these calls.

6.  This Court has jurisdiction to grant relief pursuant to 28 U.S.C. §1331 (federal question).  The federal statutes at issue are 47 U.S.C. §227(b)(3) and 47 U.S.C. §227(c)(5).

## III
## VENUE

7.  The Defendant transacts business in the County of Seminole.  The conduct complained of which gives rise to the causes of action occurred in the County of Seminole.  Venue is proper in the Middle District of Florida Florida pursuant to 28 U.S.C. §1391(b).

## IV
## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

8.  All conditions precedent to the bringing of this action have been performed, waived or excused.

9.  Approximately 15 years ago, Plaintiff's primary residence was 197 E. Lake Brantley Dr., Longwood, Florida 32779, hereafter, "second home".  When Plaintiff moved from that address to his primary family home, he kept that other home as his second home.  On November 20, 2006, Charan Kumar executed a promissory note that was secured by a mortgage on his second home, hereafter "mortgage loan". (Composite Exhibit A, Pages 4 - 32)  The lender was New Century Mortgage Corporation.

10.  On February 2, 2012 an Assignment of Mortgage was executed, purporting to transfer
the mortgage to Deutsche Bank National Trust Company as Trustee for HSI Asset
Securitization Corporation Trust 2007-NCI (hereafter "Deutsche Bank").  (Composite
Exhibit A, Page 33)

11.  On June 28, 2013, Deutsche Bank sued Plaintiff Kumar to foreclose the mortgage in
Seminole County case number 2013-CA-002639-14-W (hereafter "foreclosure
action").  (Exhibit A, Pages 1 - 33)  The foreclosure lawsuit was brought by and
verified by its mortgage loan servicer agent, Wells Fargo Bank, National Association.
(Exhibit A, page 3)

12.  On August 19, 2013, Defendant's counsel filed in the foreclosure case a motion to
dismiss the action.  (Exhibit A, Pages 34 - 38).  This document put the Defendant on
notice that Plaintiff had counsel and that it was not to contact him anymore.

13.  Plaintiff's cellular telephone number is 321-441-0631.  Between November 5, 2013
and August 28, 2014, without consent, Defendant caused Plaintiffs cellular telephone
to be called hundreds of times.  On information and belief, there were 661 calls to that
cellular telephone number during that time period.  When these calls first started being
made, Plaintiff told the caller to stop calling.

14.  Plaintiff never gave consent to Deutsche Bank, Wells Fargo Bank, National
Association, Wells Fargo Home Mortgage, Inc. or America's Servicing Company to
call his cellular telephone or to contact him.

15.  If said telephone calls were made by Defendant's agent, said calls were authorized by
Defendant.

## COUNT 1
## Violation of the TCPA - 47 USC § 227, *et. seq.*

16.   Plaintiff re-alleges and incorporates by reference paragraphs 1 through 15, above, as if fully set forth herein.

17.   The Defendant did not have consent to cause Plaintiff's cellular telephone to be called.

18.   The Defendant willfully or knowingly violated the automated-call requirements of 47 U.S.C. § 227(b)(1) and 47 C.F.R. § 64.1200(a)(1) by making calls to the Plaintiff's cellular telephone:

> a. through the use of an automatic telephone dialing system.
>
> b. by using an artificial or prerecorded voice to leave messages for Plaintiff.

19.   Plaintiff seeks statutory damages.

20.   **WHEREFORE,** Plaintiff prays for judgment against Defendant as follows:

   a.   $500 in statutory damages per call pursuant to 47 USC §227(b)(3)(B).

   b.   Treble statutory damages per call for Defendant's willful or knowing violation of 47 USC §227(b)(3).

## VIII
## DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury.

/s/ George Gingo
George Gingo, FBN 879533
James Orth, FBN 75941
400 Orange Street
Titusville, FL 32796
321-264-9624 Office
866-311-9573 Fax